**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EMANUEL ALEXANDER PABON-**                                                        **PETITIONER**
**VASQUEZ, # A 246-808-024**

**VERSUS**                                                        **CIVIL ACTION NO. 5:26cv65-DCB-RPM**

**JOHN DOE**                                                                                **RESPONDENT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*.   This habeas action was initiated on February 12, 2026.   At the time, *pro se* Petitioner Emanuel Alexander Pabon-Vasquez was an alien detainee in the custody of the Department of Homeland Security.

On April 3, 2026, the Court ordered Pabon-Vasquez to sign the pleadings by April 17. Having received no response, on May 6, the Court entered the Order to Show Cause [7], directing him to show cause why the case should not be dismissed for failure to obey a Court Order [5].   The response was due May 20.   When Pabon-Vasquez still did not comply, the Court entered the Second Order to Show Cause [9], on June 3, giving him a final chance to comply.

All Orders were sent to Pabon-Vasquez's address of record, and only the first two were returned as undeliverable.   To date he has not responded, provided a change of address, or otherwise contacted the Court.   The Court has warned Pabon-Vasquez that failure to comply, including keeping the Court apprised of his address, may lead to the dismissal of this case.   (2d Order to Show Cause at 1); (Order to Show Cause); (Order to Sign).   It is apparent from Pabon-Vasquez's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a

Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's

inherent authority to dismiss the action *sua sponte*.   *Link v. Wabash R.R.*, 370 U.S. 626, 630-31

(1962).   The Court must be able to clear its calendars of cases that remain dormant because of

the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and

expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays

in the disposition of pending cases and to avoid congestion in the calendars of the Court.   *Id.* at

629-30.   Respondent has never been called upon to respond to the Petition nor appeared in this

action, and since the Court has not considered the merits of the claims, the case is dismissed

without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above,

this case should be and is hereby dismissed without prejudice for failure to obey the Court's

Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure

58.

So ordered and adjudged, this the  6th  day of July, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2